# EXHIBIT A

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

THOMAS A. GRACE, an individual, and
JEANETTE C. GRACE, his Wife,

    Plaintiff,

v.

NUTRIEN AG SOLUTIONS, INC.,
a Delaware Corporation,

    Defendant.
_____/

CASE NUMBER
SECTION NUMBER

## COMPLAINT

Thomas A. Grace, an individual, and Jeanette C. Grace, his Wife (hereinafter "Plaintiffs"), by and through the undersigned counsel, hereby sue Nutrien Ag Solutions, Inc., a Delaware Corporation (hereinafter "Defendant"), and state:

## GENERAL ALLEGATIONS

1. This is an action for damages which exceed Thirty Thousand Dollars ($30,000.00), exclusive of prejudgment interest on liquidated damage sums and exclusive of costs of this action.

2. Plaintiff Thomas A. Grace (hereinafter referred to as "Plaintiff Thomas") is and has been at all material times a resident of the State of Florida, County of Polk having his principal place of residence in Homeland, Florida.

3. Plaintiff Jeanette C. Grace (hereinafter referred to as "Plaintiff Jeanette") is and has been at all material times a resident of the State of Florida, County of Polk

Grace v. Nutrien
Complaint
Page 2 of 5
_____

having her principal place of residence in Homeland, Florida. At all material times, Plaintiff Jeanette C. Grace was and remains the lawful spouse of Plaintiff Thomas A. Grace.

    4.    Defendant (hereafter referred to as "Nutrien") was, to the best of Plaintiffs' knowledge and belief, at all material times a corporation authorized and doing business in the State of Florida, County of Polk.

    5.    The incident which is the basis for this claim took place in Polk County, Florida.

    6.    Venue is proper in Polk County, Florida as all actions complained of took place in Polk County, Florida and all parties reside in or do business in Polk County, Florida.

    7.    All conditions precedent have occurred, been performed or have been waived.

## COUNT I: NEGLIGENCE

    8.    Plaintiffs hereby incorporate by reference those allegations set forth in paragraphs one (1) through seven (7) as if fully set forth herein.

    9.    On or about December 10, 2018, Plaintiff Thomas was a seatbelt restrained driver traveling East on US Highway 98 East in Fort Meade, Florida. Plaintiff Thomas was

Grace v. Nutrien
Complaint
Page 3 of 5
_____

driving a tractor trailer for Devane Harvesting, Inc., and the trailer was owned by Defendant Nutrien.[1] The trailer was fully loaded at the time of this accident.

10. Plaintiff Thomas was driving at or below the posted speed limit, and as he was heading into a curve, he began to brake. The brakes of the trailer locked up, and the rear tires began to leave the payment, which caused the weight in the trailer to shift, and ultimately the trailer and cab flipped onto its side and slid down the road. The vehicle struck the guardrail on the westbound travel lanes, causing structural damage to the guardrail.

11. Plaintiff Thomas was pinned inside the overturned cab, and had to be cut out of the cab by fire rescue. Plaintiff Thomas was taken to the hospital by ambulance.

12. Investigation revealed that the left leaf spring was found to be broken, which contributed to the trailer and cab flipping over.

13. At the time of the referenced accident, Defendant Nutrien owed a duty of care to ensure that its vehicles were in proper working order. Defendant Nutrien breached this duty and said breach proximately caused Plaintiff Thomas damage.

14. As a direct and proximate result of the above-described impact, Plaintiff suffered injuries to his left shoulder (rotator cuff tear), back, chest contusion, right knee and right leg. Plaintiff Thomas ultimately required total left shoulder replacement. Plaintiff Thomas also suffered with blood clots in his lungs. Plaintiff Thomas continues

---

[1] The Defendant Nutrien leased, upon information and belief, trailers to Devane Harvesting, Inc., but in any event, the defective equipment at issue was owned by Defendant.

Grace v. Nutrien
Complaint
Page 4 of 5
_____

experiencing constant, daily pain and discomfort.  Within the limits of medical probability, the aforementioned injuries are felt to be caused or aggravated by the incident and are considered permanent by healthcare providers.  Plaintiff Thomas was diagnosed to have a physical impairment produced by the above problems estimated to be 27% of his upper extremities; 16% of the whole person.  These impairments are attributable to the injury which occurred on December 10, 2018.

Wherefore, Plaintiffs hereby demand judgment against Defendant for all damages caused by Defendant's negligence as permitted under Florida law (both past and present), together with the costs associated with the filing of this action, prejudgment interest on liquidated sums, and any other relief this Court deems just and proper.  Plaintiffs further request a trial by jury on all issues so triable.

## COUNT II: LOSS OF CONSORTIUM

15. Plaintiffs hereby incorporate by reference those allegations set forth in paragraphs one (1) through seven (7) as if fully set forth herein.

16. As a direct and proximate result of the Defendant's negligence, Plaintiff Thomas has been injured and has suffered damages.

17. As a direct and proximate result of the Defendant negligence, Plaintiff Jeanette has lost care, comfort, society, consortium, companionship and services of her husband, Plaintiff Thomas.  Plaintiff Jeanette has been injured thereby and is entitled, under Florida law, to recover damages from Defendant for these losses.

Grace v. Nutrien
Complaint
Page 5 of 5
_____

WHEREFORE, Plaintiff Jeanette hereby demands judgment against Defendant for reimbursement of all damages recoverable under Florida law against Defendant, including, without limitation, all damages suffered by Plaintiff Jeanette for the loss of her husband's society, services and consortium, both in the past and in the future, as well as taxable costs together with any other relief this Court deems just and proper.  Plaintiff Jeanette hereby requests a trial by jury.

        SAUNDERS LAW GROUP

        By: */s/ Thomas C. Saunders*
           Thomas C. Saunders
           Florida Bar No. 0386080
           courtfilings@saunders-law.com
           Post Office Box 1279
           Bartow, FL 33831-1279
           (863) 533-6200
           (863) 533-5800 (FAX)
           Attorney for Plaintiffs